IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN A. BARNES,

      Plaintiff,                      No. CIV S- 07-1380 FCD GGH P

    vs.

SHERIFF JIM DENNEY,[1] et al.,

      Defendants.             ORDER

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to amend his complaint, filed on February 8, 2008, to which defendants have filed their opposition.

Complaint

        Plaintiff's original complaint was filed on July 12, 2007. Plaintiff proceeds against defendants Sutter County Sheriff Jim Denney, whose name was erroneously spelled as Denny; Sutter County Jail Officers Willy Mitchell and J. Rouna; Sutter County Jail; and the Sutter County Board of Supervisors. Form Complaint, p. 2. The gravamen of the complaint

---

[1] In the Answer, the court is advised that the correct spelling of the defendant Sheriff's name is Denney, not Denny.

1

concerns an incident on November 26, 2005, when plaintiff was allegedly attacked and beaten by seven jail inmates classified as active gang members, sustaining thereby permanent physical and mental injuries.  Id., at 3-7.

Plaintiff avers that he was a housed as a pretrial detainee at the time in Sutter County Jail in a protective custody unit reserved for "pre-trial and convicted sex offenders."  Id. at 3.  Plaintiff was taken outside for recreational yard time by defendant Officer Willy Mitchell where plaintiff was directed by Mitchell, after Mitchell secured the unit door, to stand in line with seven white or Hispanic inmates with shaved heads in an enclosed concrete area.  Id. Plaintiff was unaware of jail protocol and completely dependent on the judgment of defendant Willy, who walked off "nonchalantly," leaving plaintiff with the other inmates.  Id.

Plaintiff was approached by one of the inmates and repeatedly asked about the reason for his detention and about any gang affiliation.  Id.  Plaintiff denied any membership in "any known gangs," and sought to deflect questions about the reason for his detention, telling the inmate that he was in for second degree robbery and other charges that he fabricated.  Id.  At first the inmate seemed satisfied with plaintiff's responses, but shortly thereafter he returned and punched plaintiff in the head, whereupon the other inmates rushed to join in on the attack against plaintiff.  Id.  Plaintiff lost consciousness and woke on the ground still being kicked and hit by the inmates.  Id.

Plaintiff looked up and saw defendant Officer J. Rouna watching the attack through a very large observation window.  Id.  Defendant Rouna did nothing to stop the attack, but simply watched the entire beating.  Id.  Plaintiff notes that the county jail incident report includes Rouna's report admitting his having witnessed the assault.  Id.  Defendant Rouna's failure to respond resulted in a prolonged attack and greater injury to plaintiff.  Id. at 5.  Plaintiff also "endured derogatory remarks related to blacks and sex offenders."  Id.

Eventually defendant Mitchell returned with another officer and told the inmates: "Alright he's had enough."  Id.  Plaintiff notes that he was surprised that only two officers

responded to the attack, the one who placed him in jeopardy and a small, elderly female officer in a situation that would typically call for a response by all officers in radio range, no less than eight to ten officers. Id. Moreover, the attacking inmates were not placed in restraints, which plaintiff states is a mandatory procedure in such a situation, which omission left plaintiff vulnerable to possible further attack. Id. Defendant Mitchell told plaintiff that the attack was nobody's but his own fault. Id.

Plaintiff complains that when he asked that any tape of the incident be preserved for a future prosecution, he was told once that the tape was lost and another time that there was no tape because the camera had not been on at the time of the attack. Id. When a Yuba City police officer arrived to investigate the incident for which plaintiff wished to press charges against the inmates, the police officer was told by a county jail officer that he did not think there were any reports. Id. The police officer then ordered reports of the incident written and delivered to his department immediately, which did occur. Id. Plaintiff was still in the jail and never taken to court when subpoenaed to testify against the inmates at a preliminary hearing. Id.

Plaintiff was taken to a hospital after the attack for his injuries but has sustained permanent injuries. Id. Plaintiff alleges that the defendants subjected him to violations of his Eighth and Fourteenth Amendment rights by knowingly placing him, a protective custody sex offender, with violent inmates classified as gang members. Id. at 6. Plaintiff seeks unspecified injunctive relief as well as money damages, including punitive damages; he also seeks to recover on a state tort claim. Id. at 7.

Motion for Leave to Amend

Plaintiff filed a motion for leave to amend to name the control station supervisor to whom defendant Willy made a radio call to inform him or her about which inmates were being escorted to the rec yard. Motion, pp. 1-2. The main control station monitors jail facility inmate movement, and the control station supervisor, whose name remains unknown to plaintiff, is generally a superior officer, according to plaintiff. Id. Thus, plaintiff believes this person was

3

aware of the custody status of the inmates entering the yard at the time of the incident and knew the different custody status inmates were not to have contact with each other and that plaintiff would be subjected to a substantial risk of harm. Id. at 2. Plaintiff alleges that this individual acted with deliberate indifference in failing to intervene and instruct defendant Mitchell to separate plaintiff from the other inmates, acting with the other defendants to violate plaintiff's constitutional rights. Id.

Plaintiff asks the court to order the defendants to provide plaintiff with the name of this unknown control station supervisor/officer. Id. Plaintiff further asserts that all defendants are being sued in their individual capacities (id.), however, in his original complaint, he set forth that he sued all defendants in their official capacities, and the involved staff, i.e., Rouna and Mitchell, in their individual capacities as well. See Complaint, p. 2. In his motion, plaintiff also sets forth amounts of monetary damages that constitute a reduction from the damages amounts sought as relief in the original complaint. Id. at 3.

In opposition, defendants contend that plaintiff neither named Doe defendants in his original complaint, nor, more significantly, has he conducted any discovery in the case. Opposition, pp. 1-2. Defendants also argue that by his motion plaintiff "does not actually seek to add a new party or any new claims at this time"; they ask the court to find the motion to be premature and/or futile pursuant to Fed. R. Civ. 15. Id. at 3.

Defendants filed their answer on January 14, 2008, prior to the filing of this motion. While under Fed. R. Civ. P. 15(a)(1)(A), a party may amend his/her complaint once as a matter of course before having been served with a responsive pleading, since an answer had been filed, plaintiff is permitted to proceed only pursuant to Fed. R. Civ. P. 15(a)(2), that is, "only with the opposing party's written consent or the court's leave."

Although, the court is also constrained by the applicable rule to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), in this instance the court does find plaintiff's motion for leave to amend, unaccompanied by a proposed amended complaint, to be incomplete,

as well as premature. Plaintiff's motion will be vacated.

The discovery order in this case was filed on February 4, 2008. It is not appropriate for plaintiff to ask the court to ferret out his defendants/claims for him, particularly if he has not yet sought the information directly from defendants himself. Plaintiff should first seek to uncover the identity of the unknown individual he seeks to name as an additional defendant by way of discovery interrogatories, requests for admission and/or requests for production of documents served upon defendants. Should plaintiff believe that defendants have failed to respond to discovery requests adequately, plaintiff may proceed by filing a motion to compel discovery in this court. Should plaintiff discover the name of the additional individual he wishes to name as a defendant, plaintiff may file a motion to amend, pursuant to Fed. R. Civ. P. 15(a)(2), along with a proposed amended complaint, in which he incorporates all of the defendants and all of his claims.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court is directed to correct the spelling of the name of defendant Sheriff Denny to Denney in the docket of this case;

2. Plaintiff's premature and incomplete motion for leave to amend the complaint, filed on February 8, 2008 (# 16 & # 17), is hereby vacated, without prejudice to its renewal after appropriate information is obtained.

DATED: 06/06/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
barn1380.mtn.