1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RYAN A. BARNES,

11              Plaintiff,                    No. CIV S- 07-1380 FCD GGH P

12        vs.

13   SHERIFF JIM DENNEY, et al.,

14              Defendants.              <u>SCHEDULING</u> <u>ORDER</u>

15   _____/

16              This matter came on for status conference on September 4, 2008.  Brendan

17   McShane[1] appeared for plaintiff,and Terence Cassidy represented the defendants.  When plaintiff

18   proceeded pro se, he had filed a consent form.[2]  At the hearing, all parties expressed an intent to

19   proceed before the undersigned, pursuant to Title 28 U.S.C. § 636(c)(1).  Defendants' counsel

20   indicated that a consent form from the defendants would be forthcoming within 15 days of the

21   date of the hearing.  Following the hearing, pursuant to Fed. R. Civ. P. 16(b), THIS COURT

22   ORDERS AS FOLLOWS:

23   _____

24        [1] Although Kateryna Rakowsky accompanied Mr. McShane, this individual is not among
     the attorneys who have been substituted in as counsel in this action.  See Docket  # 25 and # 28.
     If Ms. Rakowsky intends to appear on behalf of plaintiff, she must formally seek to be associated
25   in as counsel for plaintiff in this action.

26        [2] Docket # 4.

1

1    JOINDER OF PARTIES/AMENDMENTS

2    Any motion to amend the complaint and proposed amended complaint must be

3 filed by November 13, 2008.

4    JURISDICTION/VENUE

5    Jurisdiction is undisputed and is hereby found to be proper, as is venue.

6    MOTION HEARING SCHEDULES

7    All law and motion except as to discovery is left open, save and except that it

8 shall be conducted so as to be completed by January 10, 2010.  The word "completed" in this

9 context means that all law and motion matters must be heard by the above date.  Counsel are

10 cautioned to refer to the local rules regarding the requirements for noticing such motions on the

11 court's regularly scheduled law and motion calendar.  This paragraph does not preclude motions

12 for continuances, temporary restraining orders or other emergency applications, and is subject to

13 any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

14    The parties should keep in mind that the purpose of law and motion is to narrow

15 and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues

16 that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

17 identify and fully research the issues presented by the case, and then examine those issues in light

18 of the evidence gleaned through discovery.  If it appears to counsel after examining the legal

19 issues and facts that an issue can be resolved by pretrial motion, counsel are to file the

20 appropriate motion by the law and motion cutoff set forth supra.

21    ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

22 PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices

23 designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE

24 COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED

25 IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

26 \\\\\

2

<u>DISCOVERY</u>

The parties will make initial disclosures in this case, pursuant to Fed. R. Civ. 26(a)(1)(A).  All discovery is left open, save and except that it shall be so conducted as to be <u>completed</u> by September 18, 2009.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.  Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than August 20, 2009.

<u>EXPERT DISCLOSURE</u>

Plaintiff shall designate in writing and file with the court, and serve upon all other parties, the names of all experts that plaintiff proposes to tender at trial not later than May 8, 2009.  Within 15 days thereafter, defendants shall designate in writing, file with the court, and serve upon all other parties, the name of each expert that they propose to tender at trial.  If defendants designate an expert for an area on which defendants have the burden of proof, plaintiff may designate a rebuttal witness within 15 days thereafter.  The designation of experts shall be made pursuant to Fed. R. Civ. P. 26(a)(2).  All experts so designated are to be fully prepared to render an informed opinion at the time of <u>designation</u> so that they may fully participate in any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.  Failure to provide the information required along with the

expert designation may lead to preclusion of the expert's testimony or other appropriate

sanctions.

<u>FINAL PRETRIAL CONFERENCE</u>

The Final Pretrial Conference is set in the chambers of the undersigned on March

26, 2010, at 9:00 a.m.  Counsel are cautioned that counsel appearing for Pretrial will in fact try

the matter.

Counsel for all parties are to be fully prepared for trial at the time of the Pretrial

Conference, with no matters remaining to be accomplished except production of witnesses for

oral testimony.  Counsel are referred to Local Rules 16-281 and 16-282 relating to the contents of

and time for filing Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 16-

281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 16-281, which contemplates the

filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a

<u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the

case.  <u>See</u> Local Rule 16-281(b)(3), (4), and (6).  The undisputed facts and disputed factual issues

are to be set forth in two separate sections.  The parties should identify those facts which are

relevant to each separate cause of action.  In this regard, the parties are to number each individual

fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly

before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL

ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy

concerning each issue.  The parties should keep in mind that, in general, each fact should relate

or correspond to an element of the relevant cause of action.  The parties should also keep in mind

that the purpose of listing the disputed factual issues is to apprise the court and all parties about

the precise <u>issues</u> that will be litigated at trial.  <u>The court is not interested in a listing of all</u>

evidentiary facts underlying the issues that are in dispute.[3]  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall <u>not</u> be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's exhibits shall be listed <u>numerically</u>; defendants' exhibits shall be listed <u>alphabetically</u>.  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

<u>TRIAL SETTING</u>

Trial is set for May 3, 2010, at 9:00 a.m. in Courtroom No. 24 before the undersigned.  Trial will be by jury.  The court expects the trial will take approximately 4-5 days.

---

[3]  However, with respect to the listing of <u>un</u>disputed facts, the court will accept agreements as to evidentiary facts.

1    SETTLEMENT CONFERENCE

2    A Settlement Conference will be set at the time of the Pretrial Conference.

3    MISCELLANEOUS PROVISIONS

4    There appear to be no other matters presently pending before the court that will

5 aid the just and expeditious disposition of this matter.

6    IT IS SO ORDERED.

7    Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE

8 SCHEDULING ORDER AS FOLLOWS:

9    1.    The parties may conduct discovery until September 18, 2009.  Motions to compel

10           discovery are to be noticed to be heard by August 20, 2009, as more specifically

11           described in this order.

12    2.    The parties shall disclose experts, as described herein, by May 8, 2009.

13    3.    All pretrial motions, except motions to compel discovery, shall be completed as

14           described herein on or before January 7, 2010.

15    4.    Pretrial conference (as described in Local Rule 16-282) is set in this case for

16           March 26, 2010, at 9:00 a.m.  Pretrial statements shall be filed in accord with

17           Local Rules 16-281 and 16-282.

18    5.    This matter is set for jury trial on May 3, 2010, at 9:00 a.m.

19 DATED:  09/09/08

20                                              /s/ Gregory G. Hollows
                                          _____
21                                              UNITED STATES MAGISTRATE JUDGE

22 GGH:009
   barn1380.sch

23

24

25

26