IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RYAN A. BARNES,

        Plaintiff,                      No. CIV S-07-1380 GGH P

   vs.

COUNTY OF SUTTER, et. al.,

        Defendants.              <u>ORDER</u>

                                /

       This case was before the court for a settlement conference on April 15, 2010. As recited in the Court's Order to Show Cause ("OSC") filed on that same date, defense counsel appeared for the conference without authority to enter into a monetary settlement, of any amount, and without the individually named defendants. The court ordered the defendants to show cause why they should not bear the expense of plaintiff's counsel's preparation for, travel to, and attendance at the futile conference. *See* Local Rule 270(f)(1).[1] Defendants' response to the OSC asserts

---

[1] Local Rule 270(f)(1) ("Participation of a Principal) provides that "counsel shall be accompanied in person by a person capable of disposition, or shall be fully authorized to settle the matter at the settlement conference on any terms. When settlement must be approved by a vote of a party's governing body, unless specifically permitted otherwise by the Judge or Magistrate Judge conducting the settlement conference, counsel shall be designated or shall be

1

that they did not violate Local Rule 270 because the appearance at the settlement conference was mandatory and because they included in their settlement statement the fact that the defendants had no authority to settle for any amount.

Defendants' characterization of the settlement conference as "mandatory" is simply mistaken. This district does not have mandatory settlement conferences. Rather, Local Rule 270(a), which governs settlement conferences in this district, provides that settlement conferences shall be held unless otherwise ordered on objection of a party or for good cause. Accordingly, had counsel for plaintiff been informed that the defendants had already determined that no monetary settlement authority, of any amount, would be approved by the defendants, plaintiff's counsel would have had the opportunity to object to preparing for and traveling to Sacramento to attend a conference that offered no meaningful opportunity to settle the case.

Defendants' response to the OSC seems to suggest that it was the responsibility of the court, not counsel, to assure that opposing counsel was informed that the defendants no longer wished to enter meaningful settlement negotiations. Defendants stated the following on the last page of their ten-page confidential settlement statement under the "conclusion" heading: "Prior to the Pretrial Conference, representatives from the County of Sutter authorized the participation in the court's Settlement process. Subsequently, the Sutter County Board of Supervisors unfortunately did not authorize payment of any monetary amounts for settlement out of concern for potential precedent and potential public reaction." Defendants argue that because they included this language, they should not have to reimburse plaintiff's counsel for a wasted court appearance. Including this language in the confidential settlement statement does not excuse defendants from having present at the conference a person with authority and capable of making decisions. Moreover, this language in a confidential settlement statement does nothing to alert plaintiff's counsel that they would be traveling to attend a conference in which defendants had

---

accompanied in person by a representative designated by the body who shall have learned the body's preconference disposition relative to settlement."

2

no intention of making or accepting an offer of settlement.[2]

More fundamentally, entering a settlement conference with a predetermined position that a settlement of any amount will not be authorized, knowing that counsel for the opposing side is traveling from out of town to attend the conference, and not informing that party of the predetermined position is not negotiating in good faith.  Nor is it a good faith effort to comply with Local Rule 270(f) which is designed to prevent the very occurrence that resulted here.  Had defendants informed the court at the final pretrial conference that no settlement would be authorized the conference would not have been set.  Moreover, had defense counsel called either opposing counsel or the court to timely alert counsel and the court that defense counsel lacked settlement authority the conference could have been avoided.[3]  Failing to inform plaintiff's counsel of that material fact and appearing at the conference without the individually named defendants and with instructions from the County Board of Supervisors that a settlement would not be authorized did not comply with Local Rule 270(f)(1) and put plaintiff's counsel to unnecessary expense.  Accordingly, defendants shall reimburse plaintiff's counsel for their expense in preparing for, traveling to and attending the conference.

Defendants argue that the amount sought by plaintiff's counsel is unreasonable, both as to the hourly rate and the number of hours expended for the conference.  The documentation from plaintiff's attorneys shows rates of $575 and $500.  Defendants initially argue that these rates are too high for attorneys practicing in the Eastern District of California.[4]  A similar "locality" based argument was rejected by the Ninth Circuit in *Moreno v. City of Sacramento*,

---

[2] Nor does it ensure that the court will see the language and actually learn of defendants' new position (that it would not enter into a monetary settlement) in time to cancel the conference and prevent the needless cost of counsel's preparation and travel.

[3] Neither the court's staff nor counsel for plaintiffs received a call from defense counsel suggesting in advance of the conference that the conference be cancelled in light of the defendants' "no monetary settlement" position.

[4] Plaintiff's counsel are attorneys with the San Francisco office of Latham & Watkins.

3

534 F.3d 1106, 1115 (9th Cir. 2008). While rates charged by other firms in a relevant locality for similar cases is a factor in determining a reasonable lodestar amount, there is no presumption that the rates charged by large firms based in another locality are unreasonable for this case. *Id.*

Defendants also argue that the rate for fees in this case is capped by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, at 150 percent of the rate established under the Criminal Justice Reform Act, 18 U.S.C. § 3006A(d)(1). The PLRA caps the hourly rate of fees authorized under 42 U.S.C. § 1988, which provides that a court has discretion to award the prevailing party in § 1983 cases reasonable attorney fees as part of the costs. *See* 42 U.S.C. § 1997e (d) (no award of attorney fees authorized under section 1988 in an action brought by a prisoner shall be based on an hourly rate greater than 150 percent of the hourly rate established under the Criminal Justice Reform Act).

Defendants' argument fails to take account of the point that the fees being awarded here are by way of sanctions rather than simply an award of prevailing party fees. Defendants cite to *Webb v. Ada City*, 285 F.3d 829 (9th Cir. 2002), in support of their argument that any sanctions against them are capped at the PLRA rate. In *Webb*, the district court had, pursuant to 42 U.S.C. § 1988, awarded the plaintiff attorney fees after he prevailed on the merits in his § 1983 action. *Id.* at 833. Plaintiff's attorneys brought postjudgment motions for contempt and for discovery sanctions. *Id.* at 837. The district court awarded attorney fees, capped at the PLRA rate, for the time spent on these motions as well. *Id.* The Ninth Circuit held that the district court did not abuse its discretion by applying the PLRA rate to the postjudgment attorney fees because the "contempt and discovery motions were directly related to [the plaintiff's] underlying § 1983 cause of action." *Id.* In contrast, in this case the sanctions against defendants are not directly related to the underlying cause of action. Instead, the sanctions are related solely to defendants' failure to comply with the Local Rules and the unnecessary expenses and efforts incurred by plaintiff's counsel as a result. Thus, the court declines to hold that the PLRA rate cap limits the amount of sanctions the court may award in this instance.

1   Nonetheless, the court's task is to award attorney fees at a reasonable rate. It finds that
2   the rate set by the PLRA (150% of $125,[5] that is, $187.50) is a reasonable hourly rate for the
3   work performed in this particular case.
4   Defendants argue that the 3.4 hours plaintiff's attorneys spent preparing and submitting a
5   settlement conference statement is not recoverable, as plaintiff would have been required to
6   submit a settlement conference statement even if the settlement conference itself had been
7   cancelled. Plaintiff's counsel billed 3.1 hours on April 6 and .3 hours on April 8 preparing the
8   statement. According to defendants' counsel's declaration, the decision not to authorize
9   settlement funds was made on April 6. Had defendants' counsel told plaintiff's counsel of this
10  decision after the meeting, plaintiff's counsel would not have spent .3 on April 8 on the
11  settlement conference statement. Thus, fees for .3 of the 3.4 hours are recoverable.
12  Defendants also argue that 6.3 hours claimed to prepare for and travel to Mule Creek to
13  meet with the plaintiff and prepare him for settlement conference is unreasonable. The hours
14  expended for this task are not unreasonable. Nor was the performance of the task.
15  Communication with the client is, of course, a necessary function of preparation for a settlement
16  conference. Indeed, as defendants must concede, they expended time meeting and consulting
17  which ultimately resulted in the Board's instructions to their attorneys not to enter into a
18  monetary settlement.
19  The court finds that the hours sought by plaintiff's attorneys were reasonably and
20  necessarily incurred to prepare for and attend the settlement conference in this case. The court
21  therefore awards plaintiff's attorneys 11.3 times $187.50 for a total amount of $2118.75. The
22  court further awards out of pocket expenses of $193.87.
23  ////
24  ////

---

[5] Defendants state that the applicable rate is $113. For services performed from January 1, 2010 until the present, the CJA non-capital hourly rate is $125.

5

Accordingly, it is ORDERED that within fourteen days of the date of this order, defendants shall pay plaintiff's attorneys $2,312.62.

Dated: June 22, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6